# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD SOUTHERTON,

    Plaintiff,

v.

BOROUGH OF HONESDALE, *et al.*,

    Defendants.

NO. 3:17-CV-0165

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is the Motion to Dismiss the Second Amended Complaint (Doc. 39) filed by Defendants Borough of Honesdale (the "Borough"), Melody Robinson Hamill, Jeremy Ebert, Michael Augello, Chris Murray and Michael Dux (collectively, where appropriate, "Defendants").[1] Plaintiff Richard Southerton ("Southerton"), the Borough's Chief of Police, contends that he was retaliated against in violation of his First Amendment rights both after he testified in an arbitration proceeding and once he commenced the instant litigation. Additionally, Southerton asserts that Defendants failed to pay him overtime compensation for hours worked in excess of forty in a given week in contravention of the Fair Labor Standards Act, 29 U.S.C. § 209 *et seq*. ("FLSA"). Defendants have moved to dismiss all claims. Southerton's First Amendment free speech retaliation and FLSA claims will not be dismissed because they state claims that plausibly give rise to an entitlement to relief. However, because Southerton's Petition Clause retaliation claim is based on activity by Defendants that predates the filing of this action, that claim will be dismissed, but Southerton will be given the opportunity file a further amended complaint to allege facts that state such a claim for relief.

---

    [1]      Defendant Hamill is the Borough Mayor, while Defendants Ebert, Augello, Murray, and Dix are members of the Borough Council. (*See* Doc. 37, ¶¶ 3-7).

## I. Background

The facts as alleged in the Second Amended Complaint are as follows:

Southerton was hired as the Borough's Police Commissioner on October 13, 2013. (*See* Doc. 37, ¶ 14). Prior to obtaining employment with the Borough, Southerton worked for the Federal Bureau of Investigation. (*See id*. at ¶ 15). On May 23, 2014, Plaintiff was certified as qualified to be a Chief of Police pursuant to applicable Civil Service Rules. (*See id*. at ¶ 16). Southerton was then appointed the Borough's Chief of Police. (*See id*. at ¶ 17). The job description for that position includes, *inter alia*, scheduling and disciplining subordinates. (*See id*. at ¶ 19).

On or about August 31, 2016, Southerton testified in an arbitration proceeding involving the Borough. (*See id*. at ¶ 21). The following month, Defendants denied Southerton access to employee personnel files and failed to address his concerns regarding officer safety. (*See id*. at ¶¶ 26-27). On October 4, 2016, Council members Augello, Murray, and Dux requested that Southerton resign as Chief of Police. (*See id*. at ¶ 29). Southerton refused. (*See id*.). Also in October 2016 Southerton was removed of his responsibilities regarding the scheduling and disciplining of his subordinates. (*See id*. at ¶¶ 30, 33).

On December 15, 2016, a Borough Lieutenant submitted a complaint against Southerton that accused him of unsubstantiated acts of wrongdoing. (*See id*. at ¶ 35). Defendants accepted this complaint even though it was defective and failed to comply with the requirements of the Standard Operating Policy Manual. (*See id*. at ¶¶ 36-37).

Based on the foregoing, Southerton commenced the instant action on January 30, 2017. (*See* Doc. 1, *generally*). Southerton twice amended his complaint. (*See* Doc. 29, *generally*; Doc. 37, *generally*). In the Second Amended Complaint, Southerton asserts the following claims: First Amendment free speech retaliation (Count I); inadequate supervision/hiring/screening/training (Count II); violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq*. ("WPCL")

(Count III);[2] failure to pay overtime in contravention of the FLSA (Count IV); and First Amendment retaliation in violation of the Petition Clause (Count V). (*See* Doc. 37, *generally*).

Defendants moved to dismiss the Second Amended Complaint on November 28, 2017, (*see* Doc. 39, *generally*), and submitted their supporting brief on December 12, 2017. (*See* Doc. 41, *generally*). Southerton filed its opposition brief on December 19, 2017, (*see* Doc. 44, *generally*), and Defendants timely submitted a reply thereto. (*See* Doc. 49, *generally*). The motion to dismiss is thus fully briefed and ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly

---

[2] Because Southerton concedes that he does not have a viable WPCL claim, (*see* Doc. 44, 14 n.2), that claim will be dismissed without discussion.

give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

Defendants seek dismissal of Southerton's First Amendment retaliation and FLSA claims for failure to state a claim upon which relief can be granted.

**A.    First Amendment Claims.**

The First Amendment to the United States Constitution states, *inter alia*, that "Congress shall make no law . . . abridging the freedom of speech . . .; or the right of the people . . . to petition the government for a redress of grievances." U.S. Const. amend. I.  To plead a First Amendment retaliation claim, a public employee must allege that: (1) he engaged in activity that is protected by the First Amendment; and (2) the protected activity was a substantial factor in the employer's retaliatory action. *See Gorum v. Sessoms*, 561 F.3d 179, 184 (3d Cir. 2009).  "The first factor is a question of law; the second factor is a question of fact." *Id*. (internal quotation marks and citation omitted).  "If these two elements are satisfied, the burden shifts to the defendants to demonstrate that the same action would occur if the speech had not occurred." *Id*.  Southerton contends that Defendants retaliated against him after he engaged in activity protected by both the Free Speech Clause and the Petition Clause of the First Amendment.  I will address those claims in turn.

**1.    Free Speech Claim.**

On the present motion, Defendants argue that Sourtherton's free speech retaliation claim fails because he does not allege that he suffered a sufficient adverse employment action to constitute a violation of his First Amendment rights. (*See* Doc.

4

41, 5).³ Adverse action in a First Amendment retaliation action brought under § 1983 "need not be great in order to be actionable, but it must be more than *de minimis*." *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006).

> [C]ourts have required that the nature of the retaliatory acts committed by a public employer be more than *de minimis* or trivial. A public employer adversely affects an employee's First Amendment rights when it refuses to rehire an employee because of the exercise of those rights or when it makes decisions, which relate to promotion, transfer, recall and hiring, based on the exercise of an employee's First Amendment rights. On the other hand, courts have declined to find that an employer's actions have adversely affected an employee's exercise of his First Amendment rights where the employer's alleged retaliatory acts were criticism, false accusations, or verbal reprimands.

*Brennan v. Norton*, 350 F.3d 399, 419 (3d Cir. 2003) (internal citations and quotations omitted). A court "must determine whether the alleged acts of harassment were 'sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" *Meenan v. Harrison*, 264 F. App'x 146, 152 (3d Cir. 2008) (quoting *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000)).

In the matter *sub judice*, Southerton claims he suffered the following adverse employment actions after testifying in an arbitration matter involving the Borough: (1) he was denied access to his Department's personnel files despite his responsibility for maintaining same in his job description; (2) he was requested to resign his position; (3) he was relieved of his duty of scheduling subordinate police officers; (4) he was stripped of his responsibility of disciplining subordinate officers and (5) the Borough

---

³    A public employee's speech is "protected by the First Amendment only (1) if he spoke 'as a citizen (and not as an employee),' (2) if his speech involved 'a matter of public concern,' and (3) if his employer lacked an 'adequate justification' for treating him differently from the general public, based on a balancing of his and his employer's interests under *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)." *De Ritis v. McGarrigle*, 861 F.3d 444, 453 (3d Cir. 2017) (citing *Munroe v. Central Bucks Sch. Dist.*, 805 F.3d 454, 466 (3d Cir. 2015)). Defendants motion does not challenge that Southerton adequately alleges that he engaged in protected speech as a citizen on a matter of public concern. (*See* Doc. 41, *generally*).

5

accepted an unsubstantiated complaint filed against him that failed to comply with standard requirements. (*See* Doc. 37, ¶ 26, 29-30, 32-33, 35-37). Defendants contend that these allegations taken in isolation or collectively would fail to deter a person of ordinary firmness from exercising his or her rights under the First Amendment. (*See* Doc. 41, 5-21; Doc. 49, 1-17). In opposition, while Southerton opines that these retaliatory acts alone constitute retaliation, "when viewing the actions collectively[ ] there is not doubt the actions taken against Plaintiff show Defendants' animosity towards him after he engaged in First Amendment protected activity." (Doc. 44, 13).

Southerton will be permitted to proceed with his First Amendment free speech retaliation claim. The Second Amended Complaint details a course of action undertaken by Defendants after Southerton engaged in protected activity that suggest that he was effectively demoted him from the Chief of Police position. While in some cases removal of job duties without a reduction in pay may not be considered adverse action for purposes of a retaliation claim, *see*, *e.g.*, *Davis v. Cleary*, No. 09-925, 2011 WL 4435697, at *7 (D.N.J. Sept. 22, 2011), loss of supervisory responsibilities can qualify as retaliatory conduct. *See Martsolf v. Brown*, No. 05-1941, 2009 WL 5111767, at *6 (M.D. Pa. Dec. 15, 2009). Action effecting a change in an employee's "authority, prestige, and responsibilities" can also constitute adverse conduct in the First Amendment context. *Migliore v. Ackerman*, No. 11-4018, 2013 WL 4079650, at *7 (E.D. Pa. Aug. 12, 2013). And, of course, a public employee cannot be demoted in retaliation for exercising his First Amendment rights. *See Baldassare v. State of N.J.*, 250 F.3d 188, 201 (3d Cir. 2001). The Second Amended Complaint sets forth a plausible claim based on these activities after Southerton exercised his free speech rights.[4] Here, as noted, he alleges that he was essentially stripped of significant

---

[4] Defendants contend that preventing Southerton from accessing personnel files of his subordinates - despite his responsibility for maintenance of those files in his job description - is in accordance with the Pennsylvania Personnel Files Act, 43 P.S. § 1321 *et seq.*, and therefore their "refusal to permit Plaintiff to violate the

6

supervisory duties, responsibilities, and prestige after he engaged in protected First Amendment activity. (*See* Doc. 37, *generally*).[5] Because this conduct could deter a person of ordinary firmness from exercising his or her First Amendment rights, Southerton's free speech retaliation claim will not be dismissed.

### 2. Petition Clause Claim.

It is well established that the filing of a lawsuit constitutes activity protected by the Petition Clause of the First Amendment. *See Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997) (citing *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 92 S. Ct. 609, 30 L. Ed. 2d 642 (1972)). Defendants argue, however, that Southerton's claim fails because he does not plead the necessary causal link between his commencement of this action and the alleged retaliatory act. (*See* Doc. 41, 26-27). In other words, Defendants contend that in the Second Amended Complaint, Southerton alleges that the Borough failed to properly compensate him since late 2013, but the instant action was not commenced until January 2017. (*See id.*). As a

---

law cannot constitute retaliatory conduct or an actionable adverse employment action." (Doc. 41, 7-9). Simply put, the Personnel Files Act does not speak to the lawfulness of a supervisor's access to the personnel files of his employer's employees as part of his job duties. *See* 43 P.S. § 1322; *Bangor Area Educ. Ass'n v. Angle*, 720 A.2d 198, 202 (Pa. Commw. 1998) ("the purpose of the Act is to acknowledge the right of both public and private employees to review files held by their employers that contain information about themselves; its purpose is not to permit access to employees' personnel files by the general citizenry of the Commonwealth."). Nothing in the Second Amended Complaint suggests that Southerton sought access to personnel files as a member of "the general citizenry of the Commonwealth" or for any reason other than pursuant to his job description as approved by Borough Council. (*See* Doc. 37, Ex. "C").

[5] Defendants argue that under the Pennsylvania Borough Code, the assignment of officer shifts and the delegation of scheduling are left to the prerogative of a borough mayor. (*See* Doc. 41, 12-15). While that may well be true, the question is not whether Hamill, the Borough Mayor, had the authority to delegate duties to the Chief of Police, but whether, after having so delegated such responsibilities to Southerton, she removed those duties in retaliation for Southerton's exercise of his First Amendment rights. On the facts as alleged, Southerton has set forth a facially plausible First Amendment retaliation claim on this basis.

7

result, Defendants maintain that the maintenance of the status quo, *i.e.*, the manner with which Southerton is compensated, cannot be considered retaliation for filing this lawsuit. (*See id.*). On the facts as currently alleged, Defendants are correct.

In the instant case, Southerton alleges that from 2013 through 2015, Defendants incorrectly calculated his benefits. (*See* Doc. 37, ¶ 47). Similarly, Southerton asserts that from 2013 through 2017 he was not properly compensated for overtime hours. (*See id.* at ¶¶ 53-54). Significantly, these actions by Defendants predate the filing of the present lawsuit. (*See* Doc. 1, *generally*). Accordingly, Southerton is unable to show that the failure to properly compensate him was in retaliation for his commencement of this litigation. *See, e.g., Alja-Iz v. U.S. Virgin Islands Dep't of Educ.*, 626 F. App'x 44, 47 (3d Cir. 2015) (citing *Glanzman v. Metro. Mgmt. Corp.*, 391 F.3d 506, 516 (3d Cir. 2004) (observing that it is not possible to meet the retaliation standard when the adverse action precedes the protected activity)); *Janowski v. Sage Client 441, LLC*, No. 12-986, 2013 WL 264904, at *6 (W.D. Pa. Jan. 4, 2013) ("the decision predated plaintiff's 2008 lawsuit. Defendant's 2006 decision to not rehire plaintiff could not have been made in retaliation for plaintiff filing the 2008 lawsuit because the decision was made before plaintiff filed the 2008 lawsuit."); *Arneault v. O'Toole*, 864 F. Supp. 2d 361, 384 (W.D. Pa. 2012) (adverse treatment which predates protected activity cannot be an act of retaliation). Further, Southerton's allegation that Defendants "refuse to correct the situation," (Doc. 37, ¶ 58), does not save his claim as presently constructed because there are no facts pled in the Second Amended Complaint that even arguably suggest that Defendants were attempting to remedy the alleged improper payment of wages and benefits prior to his filing of this action. Count V of the Second Amended Complaint asserting a claim for retaliation in violation of the Petition Clause will be dismissed.[6]

---

[6] Southerton's Petition Clause retaliation claim will be dismissed without prejudice. The Third Circuit has instructed that "in civil right cases, district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for

**B.  FLSA Claim.**

In Count IV of the Second Amended Complaint, Southerton contends that the Borough violated the overtime provisions of the FLSA. (*See* Doc. 37, ¶¶ 53-56). The FLSA requires employers to pay overtime wages to all covered employees who work in excess of forty hours in a given workweek. *See* 29 U.S.C. § 207(a)(1). The FLSA, however, contains certain exemptions to the overtime pay requirement, including an exemption for employees working in a "bona fide . . . administrative . . . capacity." 29 U.S.C. § 213(a)(1). Under regulations promulgated by the Department of Labor, an "employee employed in a bona fide administrative capacity" is an employee:

> (1) Compensated on a salary . . . basis at a rate of not less than $455 per week . . . exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a). "FLSA exemptions should be construed narrowly, that is, against the employer." *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir. 2008). "The burden of proving these exemptions is upon the employer . . . ." *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 900 (3d Cir. 1991). The sole ground Defendants raise for dismissal of the FLSA claim is that the "Chief of Police is an exempt administrative employee under the Fair Labor Standards Act." (Doc. 44, 22).

---

failure to state a claim unless doing so would be inequitable or futile."
*Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 251 (3d Cir. 2007). Although Defendants' alleged unlawful payment of wages and denial of benefits began before Southerton filed this action, his brief in opposition to the motion to dismiss contains facts not pled in the Second Amended Complaint suggesting that after this lawsuit was commenced, the Borough corrected the pay of other officers but not him. (*See* Doc. 44, 17). Because such facts could conceivably support a Petition Clause retaliation claim, Southerton will be given the opportunity to amend this cause of action.

9

Defendants' motion to dismiss the FLSA claim will be denied. First, Defendants do not challenge that Southerton adequately pleads a *prima facie* claim for failure to pay overtime under the FLSA. *See Razak v. Uber Techs., Inc.*, No. 16-573, 2016 WL 5874822, at *3 (E.D. Pa. Oct. 7, 2016) (setting forth elements of a *prima facie* FLSA claim). Second, given the shifting duties and stripping of responsibilities of the Chief of Police as alleged in the Second Amended Complaint, I am unable to say with certainty at present that the administrative exemption from the overtime requirement is applicable in this case. In that regard, the United States District Court for the Eastern District of Pennsylvania's decision in *Jackson v. Sweet Home Healthcare* is instructive to the matter *sub judice*:

> Courts have uniformly held that unless it is apparent from the face of the complaint that an FLSA exemption applies, granting a motion to dismiss based on an exemption affirmative defense is inappropriate. *See Anzaldua v. WHYY, Inc.*, 160 F. Supp. 3d 823, 826 (E.D. Pa. 2016) (refusing to dismiss FLSA case when it was not absolutely clear from the face of the complaint that an exemption applied, citing *Brody v. Hankin*, 145 Fed.Appx. 768, 771 (3d Cir. 2005)); *Sloane v. Gulf Interstate Field Servs., Inc.*, 2016 WL 878118, at *4-5 (W.D. Pa. Mar. 8, 2016) ("The absence of an FLSA exemption is not a required element and, therefore, Plaintiff need not plead facts which would permit a finder of fact to conclude that an exemption does not apply.") Thus, even though it appears that the exemption may ultimately be the subject of some controversy in this case, because it is not clear from the face of the Complaint that the exemption applies and because the application of an exemption is an affirmative defense, the Court will not dismiss the Complaint.

*Jackson v. Sweet Home Healthcare*, No. 16-2353, 2017 WL 1333001, at *2 (E.D. Pa. Apr. 5, 2017) (Pratter, J.).[7] Southerton may proceed with his FLSA claim.

---

[7] Moreover, many of the facts cited by Defendants to establish the administrative exemption are contained in exhibits attached to their motion to dismiss. (*See* Doc. 42, *generally*; *see also* Doc. 41, 22-25; Doc. 49, 17-24). While these documents may be considered as public records on a motion to dismiss, *see Sauers v. Lower Southampton Twp.*, No. 16-2325, 2016 WL 7319679, at *3 n.3 (E.D. Pa. Dec. 15, 2016) (township meeting minutes can be considered on a motion to dismiss), "a court may only take notice of the existence of those records, not the truth of the

## C. Punitive Damages.

Lastly, Defendants argue that Southerton has failed to plead sufficient facts to support his demand for punitive damages. (*See* Doc. 41, 27-28). "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983). Whether an award of punitive damages is warranted involves "a fact-intensive issue inappropriate for resolution at the motion to dismiss stage, where no factual record has yet been developed." *Miller v. Helm*, No. 17-1590, 2017 WL 6405738, at *7 (M.D. Pa. Dec. 15, 2017). Indeed, "this Court has consistently held that it is premature to dismiss demands for punitive damages prior to discovery." *Campbell v. Balon*, No. 16-779, 2017 WL 2880856, at *19 (M.D. Pa. July 6, 2017); *Bobrick Washroom Equip., Inc. v. Scranton Prods., Inc.*, No. 14-853, 2017 WL 2126320, at *11 n.15 (M.D. Pa. May 16, 2017). On the facts alleged here, Defendants' challenge to the demand for punitive damages fails.

## IV. Conclusion

For the above stated reasons, Defendants' motion to dismiss will be granted in part and denied in part. The Wage Payment and Collection Law claim will be dismissed with prejudice and the First Amendment Petition Clause retaliation claim will be dismissed, but Southerton will be granted leave to amend that claim. Defendants' motion to dismiss will be denied in all other respects.

An appropriate order follows.

February 23, 2018            /s/ A. Richard Caputo
Date            A. Richard Caputo
           United States District Judge

---

facts within them, for purposes of a motion to dismiss." *Humphreys v. McCabe, Weisberg & Conway, P.C.*, No. 15-4355, 2016 WL 9024599, at *3 (E.D. Pa. Feb. 4, 2016).