## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD SOUTHERTON,

    Plaintiff,

        v.

BOROUGH OF HONESDALE, *et al.*,

    Defendants.

NO. 3:17-CV-0165

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Motion to Strike the Breach of Contract Claim in the Third Amended Complaint (Doc. 52) filed by Defendants Borough of Honesdale, Melody Robinson Hamill, Jeremy Ebert, Michael Augello, Chris Murray, and Michael Dux ("Defendants") and the Motion for Leave to File a Third Amended Complaint (Doc. 55) filed by Plaintiff Richard Southerton ("Plaintiff"). On February 23, 2018, after Plaintiff twice amended his complaint, Defendants' motion to dismiss the Second Amended Complaint was granted in part and denied in part, but Plaintiff was given leave to file a further amended complaint to properly plead his First Amendment Petition Clause cause of action. Thereafter, Plaintiff filed the Third Amended Complaint containing, for the first time, a state law breach of contract claim. Defendants have now moved to strike Plaintiff's breach of contract claim from the Third Amended Complaint, to which Plaintiff responded by submitting a motion for leave to amend to permit him to pursue such a claim. Because Plaintiff does not present a viable state law breach of contract cause of action, the motion for leave to amend will be denied and Defendants' motion to strike the breach of contract claim will be granted.

## I. Background

Plaintiff commenced this action against Defendants on January 30, 2017

asserting claims against Defendants for First Amendment retaliation. (*See* Doc. 1, *generally*). Plaintiff filed an Amended Complaint on August 28, 2017 asserting the same causes of action. (*See* Doc. 29, *generally*). Plaintiff subsequently submitted a Second Amended Complaint on November 8, 2017, which included the causes of action from his prior pleadings as well as claims under the Pennsylvania Wage Payment and Collection Law, the Fair Labor Standards Act, and the Petition Clause of the First Amendment. (*See* Doc. 37, *generally*). Defendants moved to dismiss the Second Amended Complaint in its entirety. (*See* Doc. 39, *generally*).

On February 23, 2018, I granted in part and denied in part Defendants' motion to dismiss the Second Amended Complaint. (*See* Docs. 50-51, *generally*). More particularly, the Wage Payment and Collection Law claim was dismissed with prejudice, while the First Amendment Petition Clause claim was dismissed without prejudice. (*See id*.). In my Order dismissing the Petition Clause claim, I stated: "Plaintiff has **twenty-one (21) days** from the date of entry of this Order to file a further amended complaint to properly plead his First Amendment Petition Clause retaliation claim (Count V); otherwise, that claim will be **dismissed with prejudice**." (Doc. 51, ¶ 3 (emphasis in original)).

Plaintiff timely submitted a Third Amended Complaint. (*See* Doc. 52, *generally*). Therein, Plaintiff, for the first time, set forth a breach of contract cause of action. (*See* Doc. 52, Count V). Defendants moved to strike that cause of action, (*see* Doc. 53, *generally*), arguing that Plaintiff improperly raised this claim without leave of Court and following the expiration of the deadlines to amend his pleading and complete discovery. (*See* Doc. 54, 4).

Plaintiff opposed the motion to strike, (*see* Doc. 59, *generally*), and also filed a motion for leave to file a Third Amended Complaint seeking permission to proceed with his breach of contract cause of action. (*See* Doc. 55, *generally*). Defendants opposed the motion for leave to amend on, among other grounds, that the proposed amendment would be futile because Plaintiff's breach of contract claim fails as a

matter of law. (*See* Doc. 60, 7-8). Plaintiff disputes this point. (*See* Doc. 61, 2). The motions to strike and for leave to amend are fully briefed and ripe for disposition.

## II. Discussion

The pending motions implicate Rules 12(f) and 15(a) of the Federal Rules of Civil Procedure. Rule 12(f), which Defendants rely upon, permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Rule 15(a), upon which Plaintiff's motion is premised, provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1). It is uncontested that amendment as a matter of course does not apply here. Thus, Plaintiff may only amend under Rule 15(a)(2). Under that subsection, while leave should be given freely, district courts have the discretion to deny a motion for leave to amend where it is apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Amendment is futile "if the amended complaint would not survive a motion to dismiss." *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014).

Based on the facts set forth in the Third Amended Complaint and the documents attached thereto, Plaintiff alleges that he was a public employee covered by the terms of the Honesdale Borough Police Contract. (*See* Doc. 52, ¶¶ 14, 17, 57, and Exs. "A"-

3

"B" thereto).  Plaintiff further avers that he has not been compensated in accordance with "all benefits contained in the 2014 Police Contract."  (*Id*. at ¶¶ 57-59).  This is still true even after Borough Council passed a motion on April 17, 2017 to correct all full-time officers' compensation and all officers except Plaintiff had their pay corrected.  (*See id*. at ¶¶ 51-52, 60).  It is these allegations which form the basis of Plaintiff's breach of contract claim.  (*See id*., *generally*).

Because the allegations as plead would not withstand a 12(b)(6) motion to dismiss, Plaintiff's motion for leave to amend to assert a breach of contract claim will be denied.  "Pennsylvania law provides that an employee has no cause of action against her employer for breach of contract where the employment relationship is governed by a collective bargaining agreement." *Keller v. Lackawanna Cnty.*, No. 15-2511, 2017 WL 3268154, at *7 (M.D. Pa. Aug. 1, 2017) (quotation and citations omitted); *see also Lopez v. Transp. Workers Union Local 234*, No. 16-5515, 2017 WL 2633468, at *3 (E.D. Pa. June 19, 2017) ("an aggrieved public employee cannot sue his employer for breach of a labor contract governed by state collective bargaining laws, even where his union has in bad faith refused to bring his grievance to arbitration . . . .").  "There is an exception to this rule, however, where an employee alleges and shows by specific facts that an employer actively participated in the union's bad faith or that the employer conspired with the union to deny the employee his or her rights under the collective bargaining agreement."  *Keller*, 2017 WL 3268154, at *7 (citations omitted).

Plaintiff, as stated, alleges that he was denied benefits under the terms of the applicable collective bargaining agreement.  He does not, however, allege that the Borough conspired with or otherwise participated in any bad faith conduct by the union.  Plaintiff does not present a viable claim against the Borough for breach of the collective bargaining agreement.  *See*, *e.g.*, *Lopresti v. Cnty. of Lehigh*, 572 F. App'x 133, 137 (3d Cir. 2014); *Lopez*, 2017 WL 2633468, at *3-4; *Garzella v. Borough of Dunmore*, 62 A.3d 486, 494-96 (Pa. Commw. Ct. 2013); *Runski v. Am. Fed'n of State,*

*Cnty. & Mun. Employees, Local 2500*, 598 A.2d 347, 350 (Pa. Commw. Ct. 1991). Thus, it would be futile to allow the amendment, so Count V will be stricken from the Third Amended Complaint.

### III. Conclusion

For the above stated reasons, the motion for leave to amend will be denied and the motion to strike the breach of contract cause of action from the Third Amended Complaint will be granted. Count V of the Third Amended Complaint will be stricken.

An appropriate order follows.


May 18, 2018                                    /s/ A. Richard Caputo
Date                                            A. Richard Caputo
                                                United States District Judge